IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHALA CROWE, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 3:21-cv-00825 |
| v. ) | Chief Judge Crenshaw/Frensley |
| ) | Jury Demand |
| RUTHERFORD COUNTY ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) because of the Plaintiff's failure to respond to written discovery or failure to prosecute. Docket No. 21. On July 5, 2022, the Court entered an Order for the Plaintiff to show cause by July 19, 2022 as to why her claims should not be dismissed for failure to prosecute or for the reasons stated in the Motion to Dismiss. Docket No. 24. The Court resent the Show Cause Order and extended the deadline for Plaintiff to respond to August 10, 2022. Docket No. 26. The Plaintiff has not responded to the motion or the show cause order for the reasons set forth herein the undersigned recommends that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** and the Defendant's motion be **DENIED AS MOOT.**

### II. BACKGROUND

This is an employment discrimination action filed by the Plaintiff against the Defendant under 42 U.S.C. §§ 12101 et seq., (Americans With Disabilities Act of 1990), 29 U. S. C. §621 (Age Discrimination In Employment Act of 1967), T. C. A. §4-21- 401 (Tennessee Human Rights) and T. C. A. §50-1-304 (Tennessee's Retaliatory Discharge Statute) on October 29, 2021. Docket

No. 1. On May 16, 2022, counsel for Plaintiff filed a Motion to Withdraw (Docket No. 20), which was granted June 3, 2022 (Docket No. 22). Plaintiff was given until June 24, 2022, to obtain other counsel or be deemed to be proceeding pro se. *Id.* Defendant filed a Motion to Dismiss on June 3, 2022. Docket No. 21. The Plaintiff's response was due June 17, 2022. Plaintiff did not respond. The Court issued a show cause order July 5, 2022, directing the Plaintiff to respond to the Motion to Dismiss by July 19, 2022. Docket No. 24. It came to the Court's attention that Ms. Crowe's addresses may have erroneously been changed on the docket when mail sent to the address listed on the docket sheet came back to the Court labeled "Return to Sender, Not At This Address, Unable to Forward." The Court issued a second show cause order on July 26, 2022, for Plaintiff to respond to the Motion to Dismiss by August 10, 2022, asking that the Order be mailed to last known address of Plaintiff. Docket No. 26. As of today's date, there has been no response.

### III. LAW AND ANALYSIS

It is well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980).

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits

that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits."

*Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

### B. The Case at Bar

The Plaintiff filed this action on October 29, 2021. Docket No. 1. Defendant filed a Motion to Dismiss on June 30, 2022. Docket No. 21. The Court issued a show cause order on July 5, 2022. Docket No. 24. Upon realizing that the Plaintiff's address may have erroneously been changed, the Court issued a second show cause order to the Plaintiff giving her up to and including August 10, 2022 to respond to the pending motion to dismiss and the Court's show cause order. To date Plaintiff has not responded to the Motion to Dismiss or the Show Cause Order even after she was forewarned that failure to respond may result in this action being dismissed.

The undersigned finds that dismissal under Rule 41(b) Fed. R. Civ. P. is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's

4

orders.

With respect to the first factor, Plaintiff has failed to take any action to advance this litigation. Plaintiff failed to respond to written discovery, the pending motion to dismiss (Docket No. 21) or the Court's show cause orders (Docket Nos. 24 and 26). The Plaintiff has taken no action with respect to this litigation even after she was forewarned that failure to respond could result in her claims being dismissed. These failures show willfulness or fault.

As to the second factor -prejudice to the defendants- they have been parties to this litigation notwithstanding Plaintiff's failure to take action. A "defendant cannot be expected to defend an action, that Plaintiff has apparently abandoned, not to mention the investment of time and resources expending to defend this case." *Miles v. Sheffield*, 2009 WL 3497794, at *2 (E. D. Mich. October 28, 2009)(internal quotations marks and citations omitted). While the Defendants have not been forced in invest time and resources to defend this case, they are still named parties to a federal lawsuit. All parties have a right to a just and prompt resolution to their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene.

The third and fourth factors likewise weigh in favor of dismissal. Here, the Plaintiff was warned that her failure to cooperate in this litigation through the show cause order could result in a recommendation that her case be dismissed. Likewise, the less drastic sanction of dismissal without prejudice is appropriate here. Plaintiff has failed to explain why she has not responded to Defendant's motion to dismiss or done anything to advance this litigation in that time period.

Because all four factors weigh in favor of dismiss the undersigned recommends that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

For the reasons set forth herein, the Court respectfully recommends this action be

**DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The undersigned also recommends that Defendant's Motion to Dismiss (Docket No. 12) be **DISMISSED as MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**